UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TAMI ATWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:14-cv-1409 |
| | ) | |
| INDIANAPOLIS-MARION COUNTY | ) | |
| FORENSIC SERVICES AGENCY, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Tami Atwell (hereinafter "Atwell"), by counsel, files this Complaint and Demand for Jury Trial against her former employer, Defendant Indianapolis-Marion County Forensic Services Agency ("I-MCFSA"), pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.*

## I.    PARTIES, VENUE AND JURISDICTION

1.    Atwell is a citizen and resident of the State of Indiana, and currently resides in Anderson, Indiana. At all times during her employment with IMCFSA, she worked in Indianapolis, Indiana.

2.    I-MCFSA is an agency of the Indianapolis-Marion County government, a political subdivision located in Indianapolis, Indiana.

3.    I-MCFSA employed Atwell as a forensic scientist from 1992 through December 9, 2013.

4.    I-MCFSA is an "employer" as is defined in 42 U.S.C. § 12111.

5.    Atwell was an employee of I-MCFSA at all times relevant to this Complaint, pursuant to 42 U.S.C. § 12111.

6.      This Court has personal jurisdiction over Atwell and the I-MCFSA and venue is proper in this Court.

7.      This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331.

8.      Atwell exhausted her administrative remedies by filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 27, 2013, alleging disability discrimination and retaliation, and a second Charge of Discrimination  with the EEOC on December 16, 2013, alleging retaliation.

9.      On August 12, 2014, the United States Department of Justice – Civil Rights Division issued Notices of Right to Sue to Atwell on Charge Numbers 470-2014-00493 and 470-2014-00637.

## II.      FACTUAL ALLEGATIONS

10.      Atwell hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

11.      Atwell began her employment with I-MCFSA as a forensic scientist and trace chemist in the chemistry lab in 1992.

12.      In 2007, Atwell suffered an injury to her head, which caused her take short term and long term disability leave from approximately April of 2007 to April of 2008.

13.      Atwell has suffered, and continues to suffer, long term effects of the head injury, including impact on her short term memory.

14.      In approximately April of 2008, I-MCFSA cleared Atwell to return to her previous position as a trace chemist. I-MCFSA provided her with retraining in chemistry.  She was administered a competency test in chemistry, which she passed.

15.     Atwell experienced no problems with her performance as a trace chemist after returning to work from disability leave, and she was able to perform the essential functions of her job as a trace chemist without necessity of any reasonable accommodation.

16.     Atwell is allergic to marijuana. Upon returning to work from disability leave, she was assigned to work in drug analysis in addition to her other responsibilities. In approximately May of 2009, Atwell requested that I-MCFSA reasonably accommodate her allergy to marijuana by restoring her job assignment and work space location to those that she had before she went on disability leave. As of August 27, 2009, Atwell was satisfied with I-MCFSA's accommodation of her allergy, and I-MCFSA was in full compliance with her reasonable accommodation request.

17.     In January of 2011, I-MCFSA reassigned Atwell to the Biology Unity/Serology Section. Although I-MCFSA claims that it reassigned Atwell due to her allergy to marijuana, it had already accommodated her satisfactorily with regard to this condition approximately sixteen months earlier.

18.     Prior to the reassignment, Atwell had little education or experience in biology or serology. The ongoing symptoms from her head injury affected her ability to familiarize herself with the new subject matter.

19.     Atwell had to undergo significant training in biology before she could begin working on cases in her new unit. Atwell passed the training in approximately November of 2012.

20.     In approximately July of 2013, Atwell engaged in a mid-year performance review with her direct supervisor, David A. S. Smith. Smith and Atwell agreed that Atwell would receive a rating of "Q," which means that she was working at a fully qualified level.

21.     Brenda Keller, the Deputy Director for I-MCFSA, informed Atwell that she was changing Atwell's mid-year performance rating to a "B," which means performing below a qualified level.

22.     Following Atwell's 2013 mid-year review, Atwell was required to meet with Smith on a weekly basis. No other employees were required to do so.

23.     In early October of 2013, Atwell requested a reasonable accommodation of her disability and suggested to Smith ways in which she could be more productive and her experience and expertise could be better utilized.

24.     In late October of 2013, Atwell met with Keller and again requested a reasonable accommodation. Atwell again suggested ways in which she could be more productive and her experience and expertise could be better utilized.

25.     Atwell could perform the essential functions of her job without any reasonable accommodation. Atwell never told either Keller or Smith that she could not perform the essential functions of her job as a forensic scientist in biology and/or serology. Atwell only suggested that other positions (including her previous position in trace chemistry), if available, would be a better fit for her in light of her background, experience, education and training.

26.     Keller referred Atwell to Julie Paini, the Disability Coordinator for Indianapolis-Marion County. Atwell contacted Paini and reiterated her request for a reasonable accommodation.

27.     On Friday, November 22, 2013, Atwell met with Paini and Liz Terry, a representative from Human Resources. Paini and Terry informed Atwell that she was going to lose her job with I-MCFSA. Paini and Terry provided Atwell with a list of open positions within the Indianapolis-Marion County government, and told her that she was welcome to apply for

4

them. Paini and Terry did not guarantee Atwell that she would be hired for any position that she applied for with the Indianapolis-Marion County government.

28.     None of the listed positions with the Indianapolis-Marion County government were a reasonable replacement for Atwell's position as a forensic scientist. They all paid much lower salary than Atwell's position, and none of them matched Atwell's professional background.

29.     On November 26, 2013, Paini, Terry, and Mike Medler, the Director of I-MCFSA, told Atwell that she needed to resign her employment by the next day, November 27, 2013, or her employment would be terminated. Paini told Atwell that they had been "watching [Atwell] more closely because of the disability stuff."

30.     Atwell did not resign her employment from I-MCFSA. On November 27, 2013, Atwell filed a Charge of Discrimination with the EEOC, alleging disability discrimination and retaliation.

31.     On December 9, 2013, I-MCFSA terminated Atwell's employment.

### III.     LEGAL ALLEGATIONS

#### Count I:     Violation of the Americans with Disabilities Act – Failure to Offer Reasonable Accommodation of Disability

32.     Atwell hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

33.     Atwell has a disability in that she has a physical and/or mental condition that substantially limits major life activities such as speaking, concentrating, thinking, and neurological and brain functions. 42 U.S.C. § 12102(1)-(2).

34.     Atwell was and is qualified to perform the job of forensic scientist.

35.     Atwell requested an accommodation in October and November of 2013.

36.    I-MCFSA was aware of Atwell's disability at the time of Atwell's request for accommodation.

37.    I-MCFSA failed to provide Atwell with a reasonable accommodation, and, instead, terminated her employment.

38.    Atwell has suffered damages as a result of I-MCFSA's failure to provide a reasonable accommodation, including but not limited to back pay, front pay, loss of future earning capacity, employer provided benefits, and emotional distress damages.

**Count II:    Violation of the Americans with Disabilities Act – Discriminatory Discharge**

39.    Atwell hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

40.    Atwell has a disability.

41.    Atwell was and is qualified to perform the essential functions of the job of forensic scientist, with or without reasonable accommodation.

42.    Atwell successfully performed the essential functions of the job of forensic scientist at I-MCFSA for years after she became disabled by a head injury.

43.    Atwell suffered an adverse employment action when her employment was terminated.

44.    Atwell suffered an adverse employment action when her requests for reasonable accommodations were refused.

45.    I-MCFSA would not have terminated Atwell's employment and/or refused her reasonable accommodation requests but for her disability.

46.     Atwell has suffered damages as a result of I-MCFSA's termination of her employment, including but not limited to back pay, front pay, loss of future earning capacity, employer provided benefits, and emotional distress damages.

.

### Count III:     Violation of the Americans with Disabilities Act – Retaliation

47.     Atwell incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

48.     Atwell engaged in protected activity by requesting reasonable accommodations on at least three separate occasions in October and November of 2013.

49.     Atwell engaged in protected activity by filing a Charge of Discrimination with the EEOC on or about November 27, 2013.

50.     I-MCFSA received notice of the filing of Atwell's Charge of Discrimination on or about November 27, 2013.

51.     Atwell suffered an adverse employment action when her employment was terminated on December 9, 2013.

52.     I-MCFSA would not have terminated Atwell's employment but for her requests for reasonable accommodation and/or complaint of disability discrimination.

53.     Atwell has suffered damages as a result of I-MCFSA's termination, including but not limited to back pay, front pay, loss of future earning capacity, employer provided benefits, and emotional distress damages.

### IV.     RELIEF REQUESTED

Atwell requests the following relief:

a.   All salary and economic benefits lost as a result of Defendant's unlawful actions, including, but not limited to, back pay, front pay, employer provided benefits, and loss of future earning capacity;

b.   Compensatory damages;

c.   Emotional Distress damages;

d.   Liquidated and/or punitive damages;

e.   All costs and reasonable attorney fees incurred in litigating this action;

f.   Pre-judgment and post-judgment interest; and

g.   Any and all other legal and/or equitable relief to which Atwell is entitled.


Dated:  August 27, 2014

Respectfully submitted,


*/s/ Christopher S. Stake*_____
Kathleen A. DeLaney (#18604-49)
Christopher S. Stake (#27356-53)
DeLaney & DeLaney LLC
3646 Washington Blvd.
Indianapolis, IN 46205

Attorneys for Plaintiff Tami Atwell

## JURY DEMAND

Plaintiff, Tami Atwell, by counsel, respectfully requests a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Christopher S. Stake
Kathleen A. DeLaney (#18604-49)
Christopher S. Stake (#27356-53)
DeLaney & DeLaney LLC
3646 Washington Blvd.
Indianapolis, IN 46205

Attorneys for Plaintiff Tami Atwell